. J. S. WADLEIGH ET AL.

v.

JOHN D. DEVELLING.

1. PROMISSORY NOTE GIVEN FOR THRESHING—DEFENSE, THAT TUM-BLING-RODS WERE NOT BOXED.—A bare tumbling-rod to a threshing machine, unprotected in some manner, is dangerous *per se*, and dangerous by legislative enactment; and this fact constitutes a defense to an action on a promissory note given for threshing.

2. ATTEMPT TO SECURE TUMBLING-ROD—A QUESTION FOR THE JURY.—If there had been any attempt to secure the shafting by boxing, or any other substituted contrivance, it would then become a question of fact for the jury to determine whether the threshers had secured the shafting.

APPEAL from the Circuit Court of Kankakee county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. H. LORING, for appellants; that the statute requiring tumbling-rods of threshing-machines to be boxed, comes within the police power of the State, cited Cooley's Constitutional Limitations, Chap. 16; Thorpe v. Rutland, etc. R. R. Co. 27 Vt. 199.

Mr. WILLIAM POTTER, for appellee; as to the endorsement of the note, cited Edwards on Bills, *151; 2 Barb. 625; Martin v. Judd, 60 Ill. 78.

LELAND, J. There can hardly be said to be any conflict as to the facts in this case.

The appellants employed Joseph Delay and Henry Holmes, who were engaged in the business of threshing grain, to do some threshing with a machine. The work was done, and appellants gave their note, dated November 22, 1877, therefor, for two hundred and sixty-four dollars, payable one day after date to the threshers, by the names of Joseph Delay and H. Holmes. Develling, the appellee, testifies that he obtained the note on the day of its date; that Delay was owing him about fifty dollars, and left the note with him as collateral,

Wadleigh et al. v. Develling.

to collect and apply towards the payment of the debt. On the back of the note, at this time, the names of "Joseph Delay" and "Henry Holmes," appeared, written in pencil. It does not appear how the names were placed there. Holmes states that he does not know. His co-payee was not a witness, but whether Delay would have been dangerous to appellee, or whether his attendance could not be had, does not appear. Develling knows that the names were on, but does not know who wrote them. Holmes says that ten or twelve days after the maturity of the note, he wrote the names of "Joseph Delay," and his own name as "H. Holmes," in ink on the back. It does not appear whether the ink names were written over the pencil names, or at another place.

The declaration is evidently on the written names, and not on the pencil names. The allegation is that the payees endorsed by the names of Joseph Delay and H. Holmes, which is the way the names appear in ink, while the pencil names are in full, Joseph Delay and Henry Holmes. It is not alleged that Delay and Holmes were partners in business. There is no evidence that anything was done to protect the tumbling-rod, the knuckles, or the jacks; but it appeared that the knuckles were a kind patented by Robinson & Thorp, and that they were safer than some of an older date and style, according to the evidence of some witnesses, who said so against the objections of the appellant's counsel. Some experiments were also testified to against the objection of appellants, such as striking a coat against the shafting, putting a pair of overalls on the shafting to see whether they would wind round it, etc., putting a coat on it, which did not wind up, but the shaft threw it off, etc. If the clothing was put on for the purpose of not having it wind up, the experiment was successful; if for the purpose of having it wind up, it was a failure. Any man of ordinary sense could have produced either result, without much effort.

The jury were so instructed that they, undoubtedly, when we consider the usual disposition with which such a defense as the one set up in the special plea in this case is received, found for the plaintiff below on the question of the securing the tumbling-

rod. That is, rather than that the appellants should get rid of paying for the threshing, they probably concluded, under the instructions, that the tumbling-rod, knuckles and jacks were not quite unsafe enough to make the threshers lose the pay for their work, especially as the makers of the note had been well satisfied with everything else except paying it.

The jury may not have so much objected to the payment of a penalty for the violation of the law, as to the receipt of it by those who stood by, aided and abetted in this violation.

If the declaration had stated that Delay and Holmes were partners in business, and that Delay, before the maturity of the note had, instead of using the firm name, placed his own name and that of his partner Holmes on the note, and delivered it to the plaintiff before maturity, and there was no conflict in the evidence as to the time of the assignment, we might have affirmed the judgment; but as the declaration is not on the pencil assignment by Joseph Delay and Henry Holmes, but is on the ink assignment by Joseph Delay and H. Holmes, and as this was after maturity, that cannot be done.

It is not important to examine particularly all the different ways in which the question is raised. It all resolves itself into this: Has the legislature left it an open question to be investigated on each trial, whether there was any real danger? Or is it legislatively declared that tumbling-rods and knuckles are dangerous unless they are *secured* by the threshers by some protection, such as boxing, or by stakes and ropes, or some other contrivance to prevent the raiment of human beings from coming in contact with them. The court below instructed the jury that if they believed, from the evidence, that the tumbling-rod and knuckles were *secure*, though nothing was done in the way of boxing, or other substituted contrivance in lieu of boxing, they should find for the plaintiff. We think the bare tumbling-rod is not only dangerous *per se*, but that it is dangerous by legislative enactment, and that unless there be some protection by the threshers *to the rod and each length or section thereof, except the one next the horse-power*, the thresher cannot recover. The first section of the act is as follows: " That all persons in this State, who are, or who may hereafter, own or

run any threshing-machine, corn-sheller, or any other machine which is connected to horse-power by means of tumbling-rods or line of shafting, *shall cause each and every length or section of such tumbling-rod ( except the one next the horse-power), together with the knuckles or joints and jacks thereof, to be safely boxed or secured while running.*"

The second section provides that if the first section be violated, *no action shall be maintained for services rendered by or with the machine.*

The general object of the law is salutary.     Experience had shown that tumbling-rods were dangerous.     Perhaps the danger is greater at the point of junction of different lengths or sections where the knuckle or joint is; but the rod is also dangerous at other places than at the knuckle.     The Legislature has not said that the knuckles only shall be boxed, or otherwise *secured,* but that some box or other barrier shall be interposed between persons and the rods, all along the line of shafting, as well between knuckles as at the knuckles.

If there had been any attempt to interpose any obstacle between persons and the shafting by using stakes and ropes, or if any other substituted contrivance in lieu of boxing, had been resorted to, then we would be disposed to consider it a question of fact *whether the threshers had secured the shafting,* for the jury to pass upon.     Where, however, it appears, without dispute, that absolutely nothing was done, that there were four lengths of tumbling-rod, elevated four or five feet only at the cylinder, descending gradually to the horse-power, a distance of eighteen or twenty feet left to revolve in utter legislative forbidden nakedness, without the slightest regard to the statute in such cases made and provided; we have no hesitation in saying that the statute has been violated.     There was nothing for the jury to pass upon, and the note cannot be collected if assigned after maturity, and the jury should have been directed to find for the defendants if they found the note had been indorsed after maturity.

If the law be an unwise one, let it be repealed; but until it be repealed, let it be faithfully observed by judicial tribunals,

in its letter and in its spirit, whatever may be thought of the morality of a defense like the one in this case.

Reversed and remanded, with leave to plaintiff below to amend his declaration.

Reversed and remanded.